**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LARONE J. SMITH,

                Plaintiff,

                                            CIVIL ACTION

v.

                                            No: 07-2089-CM-GLR

STAFFMARK TEMPORARY AGENCY
and ENGENIO INFORMATION TECHNOLOGIES,

                Defendants.

## MEMORANDUM AND ORDER

Plaintiff filed this case on February 27, 2007, designating Kansas City as the location for trial. On May 14, 2007, Defendant Engenio Information Technologies ("Engenio") filed a Motion for Intra-District Transfer and Determination of Place of Trial (doc. 17). Defendant Engenio requests an intra-district transfer and determination of Wichita, Kansas as the place of trial based on the fact that the parties, numerous witnesses, and counsel for all parties reside in or around the Wichita area. Plaintiff opposes the motion, arguing that Defendant has failed to establish that Kansas City is an inconvenient forum and that his designation of trial is entitled to substantial deference. For the reasons explained below, Defendant Engenio's motion is granted.

## Legal Standards

D. Kan. Rule 40.2 provides that "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In considering motions for intra-district transfer, the courts of this district look to the factors

relevant to change of venue motions under 28 U.S.C. § 1404(a).[1] Under 28 U.S.C. § 1404, "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court recognizes that the statute is inapplicable on its face as Kansas comprises only one judicial district and division. The statute provides, however, that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."[2]

In evaluating a transfer under Section 1404(a), the Court considers plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and "all other considerations of a practical nature that make a trial easy, expeditious and economical."[3] Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed.[4] The moving party bears the burden of proving that the existing forum is inconvenient.[5]

---

[1] *See Jones v. Wichita State Univ.*, Civ. A. No. 06-2131-KHV, 2007 WL 1173053 (D. Kan. Apr. 19, 2007).

[2] 28 U.S.C. § 1404(c).

[3] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

[4] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

[5] *Id.*

**Analysis**

**I.    Plaintiff's Choice of Forum**

Defendant Engenio argues that in ruling on its motion to transfer to Wichita, the Court should consider Plaintiff's choice of forum, but give it no more weight than the other factors. Specifically, Defendant Engenio notes that Plaintiff does not reside in Kansas City and this matter did not arise out of events that took place in Kansas City.  Although a plaintiff's choice of forum is entitled to great deference, such consideration is given less weight if the plaintiff's choice of forum is not his residence.[6]  "In fact, when the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[7] Although the court considers the plaintiff's choice of forum as a factor, "it is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is obscure and the forum's connection to the plaintiff is even more so."[8]

**II.   Convenience And Accessibility Of The Witnesses**

Plaintiff's choice of forum is reduced because of the disproportion in convenience to the witnesses between Kansas City and Wichita. As the court in this district has emphasized, the relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer.[9]  With this in mind, the Court notes that most, if not all, of the

---

[6]*Baker v. Via Christi Reg'l Med. Ctr.*, Civ. A. No. 06-2168-KHV, 2007 WL 913925, at *2 (Mar. 23, 2007) (citations omitted).

[7]*Spires v. Hosp. Corp. of Am.*, No. 06-2137-JWL, 2006 WL 1642701, *2 (D. Kan. June 8, 2006) (citations omitted).

[8]*Id.* at *3.

[9]*Id.* (citing *Meek & Assocs., Inc. v. First Union Ins. Group*, 99-2519-CM, 2001 WL 58839, *1 (D. Kan. Jan. 18, 2001) ("Convenience of the non-party witnesses is the most important factor

3

witnesses, parties, and attorneys reside in Wichita. By contrast, none reside in Kansas City. With absolutely no connection to Kansas City, there is little difficulty in finding that Wichita is a more convenient forum for this case.

Ultimately the Court has to find that Kansas City is substantially inconvenient, not just that Wichita is marginally more convenient. That threshold is met, though, by examining the convenience of Kansas City as a forum for the parties and their witnesses. As it stands, this case concerns Plaintiff's employment at Staffmark Temporary Agency and Engenio, both of which are located in Wichita. All events relating to Plaintiff's claims occurred in Wichita. Because the events surrounding Plaintiff's claims occurred in Wichita, presumably most of the witnesses live in Wichita or closer than to Kansas City. These witnesses will be less accessible if trial is held in Kansas City. Witnesses will have to travel several hours each way to testify and some will have to spend the night in Kansas City, if their testimony does not begin or is not completed at the close of the day. Further, witnesses will unquestionably miss more work time if trial is held in Kansas City.

For these reasons the Court finds that the convenience of witnesses and the accessibility of witnesses and proof weighs in favor of trial in Wichita.

**III.   Fair Trial**

Another factor the Court considers in ruling on a motion to transfer is the relative advantages and obstacles to a fair trial. Defendant Engenio points out that Plaintiff does not argue that he cannot receive a fair trial in Wichita. He only argues that his choice of forum

---

to be considered."); *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993) ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a).").

should outweigh any other consideration or factor. Defendants assert that under the circumstances presented here, the convenience to the witnesses outweighs Plaintiff's choice of Kansas City. The Court agrees with this assertion and finds this factor does not clearly weigh in favor of any party or location. The Court finds that an intra-district transfer of trial to Wichita will minimize delays in calling witnesses, and thus make more efficient use of jurors' and Court time. Moreover, the district judge and staff are located in Kansas City; thus, the convenience of the Court weighs in favor of a trial in Kansas City.

Considering all factors, the Court finds that Defendant Engenio has set forth a strong case for transfer.[10] The Court concludes that the balance of factors strongly outweighs Plaintiff's choice of forum. Thus, the Court finds that Defendant Engenio's Motion should be sustained.

**IT IS THEREFORE ORDERED THAT** Defendant Engenio's Motion for Intra-District Transfer and Determination of Place of Trial (doc. 17) is granted. This case shall be transferred to the Wichita Division of the United States District Court for the District of Kansas.

Dated in Kansas City, Kansas on this 22nd day of August, 2007.

---

[10]*See, e.g., Hartwick v. Lodge 70 Int'l,* Civ. A. No. 99-4139-SAC, 2000 WL 970670, at *1 (D. Kan. June 16, 2000) (where all of witnesses, documents, parties, and counsel [with the exception of plaintiffs counsel] are in or near Salina or Wichita, balance of relevant factors favors trial in Wichita and overrides plaintiff's preference for Topeka trial); *Wallace v. Beech Aircraft Corp.*, Civ. A. No. 96-4128-SAC, 1997 WL 723436, at *6 (D. Kan. Oct. 22, 1997) (where final witness list shows vast majority of witnesses are from Wichita, balance of relevant factors favors trial in Wichita and overrides any presumptive weight given to plaintiff's choice of Topeka as place of trial); *Aramburu v. Boeing Co.,* 869 F. Supp. 1063, 1064-65 (D. Kan. 1995) (where majority of witnesses from Wichita area, Wichita appropriate place for trial, notwithstanding plaintiff's choice of Topeka); *Boyer v. Bd. of County Comm'rs*, No. 94-4078-SAC, 1994 WL 106346, at *2 (D. Kan. Jan. 19, 1995) (where vast majority of witnesses reside in Kansas City, and Kansas City is more convenient for most witnesses, defendants and defendant's counsel, balance favors Kansas City as place of trial and overrides plaintiff's choice of trial in Topeka).

                <u>s/Gerald L. Rushfelt</u>
                Gerald L. Rushfelt
                United States Magistrate Judge

cc: All counsel